186 F.2d 190
 Miriam Christine STEVENSON, Appellant,
v.
Herman R. LANDON, District Director of Immigration and
Naturalization, Appellee.
David HYUN, Appellant,
v.
Herman R. LANDON, District Director of Immigration and
Naturalization, Appellee.
Harry CARLISLE, Appellant,
v.
Herman R. LANDON, District Director of Immigration and
Naturalization, Appellee.
 Nos. 12743-12745.
 United States Court of Appeals Ninth Circuit.
 Dec. 16, 1950.
Supplemental Opinion Dec. 20, 1950.
 
 Rose S. Rosenberg, Los Angeles, Cal., for appellant Stevenson.
 Milton S. Tyre, Los Angeles, Cal., for appellant Hyun.
 Stanley Fleishman, Hollywood, Cal., for appellant Carlisle.
 Ernest A. Tolin, U.S.Atty., Walter S. Binns, Asst. U.S. Atty., Los Angeles, Cal., (Howard L. Field, Dist. Adjudications Officer, Imm. & Nat. Service, Los Angeles, Cal., on the brief), for appellee.
 Before STEPHENS, HEALY and BONE, Circuit Judges.
 STEPHENS, Circuit Judge.
 The order in each of the above entitled proceedings will be, and is, the same as the order in Carlson v. Landon, etc., 9 Cir., 186 F.2d 183, which is as follows:
 The judgment is reversed and the cause is remanded with direction to the district court to take the undenied material allegations of petitioner's answer as true and to give the Director an opportunity to reveal reasons for exercising his discretion, if he did exercise discretion in denying bail, and to take note of facts relating to delays in the deportation hearings, and decide the issue upon such evidence and any other proper evidence which may be offered and received. Opinion as to each will follow.
 Reversed and remanded.
 
 Supplemental Opinion
 
 1
 The appeals in the above entitled cases were decided and order entered on the 16th day of December, 1950, coincident with the decision and order in a like proceeding entitled Carlson v. Landon, 9 Cir., 186 F.2d 183. We noted in our memorandum, filed on the same date, that opinion in each case would follow. We combine the three in one opinion. The facts in each of the instant cases very largely parallel those set out in the Carlson case. The dates of the essential facts are not exactly the same in either case, but the variation of events and the dates of their happening are not great enough to make any particular difference. The applicable law, the principles applied and the reasoning and authority relied upon and set out in the Carlson case rule these cases and therefore we make specific reference thereto without repetition herein. The following alleged facts, undenied in the pleadings, are set out under the names of the three petitioners. Details as to each petitioner are set out in the petitions and we state their essence very briefly:
 
 Stevenson
 
 2
 Petitioner Stevenson was born in England in 1907. At the age of 12 years she was taken to Canada with her family. She entered the United States in 1923 and since has resided in Los Angeles, California. With her mother she visited Canada in 1928 for a few hours and later in the same year she went to Mexico for a few hours where she was married to a United States citizen. In 1929 she made inquiry of the Immigration and Naturalization Service as to applying for citizenship but her legal entrance into this country was questioned.Hyun
 
 
 3
 The petition for Hyun sets out a seemingly long period of limited restraint under a bail bond given under an arrest for deportation prior to the amendment to the immigration laws by the Internal Security Act of 1950, and complete restraint without bail since October 21, 1950, under an arrest for deportation pursuant to such amendment.
 
 
 4
 Petitioner Hyun was born in Seoul, Korea; is 33 years of age; was taken to Hawaii at an early age and resided there until December, 1947. His schooling resulted in a bachelor of science degree. In school he appears to have been a leader in social and religious activities. Although disqualified for military service during the late war because of his status as an alien, he became Captain of Reserve Officers Training Corps at the University of Hawaii. He has applied for citizenship; is married and has two minor sons. He has resided in Los Angeles, California, since December, 1947, and has engaged in a useful occupation. Petitioner's petition is replete with a detailed account of his life. He denies that his release would be detrimental to the United States in any manner.
 
 Carlisle
 
 5
 The petitioner Carlisle was born in England in 1897 and has resided in Los Angeles, California, for the past 15 years.
 
 
 6
 The orders in these cases dated December 16, 1950, are alike and are the same as in Carlson v. Landon, 9 Cir., 186 F.2d 183. The text of the orders is repeated, to-wit:
 
 
 7
 The judgment is reversed and the cause is remanded with direction to the district court to take the undenied material allegations of petitioner's answer as true and to give the Director an opportunity to reveal reasons for exercising his discretion, if he did exercise discretion in denying bail, and to take note of facts relating to delays in the deportation hearings, and decide the issue upon such evidence and any other proper evidence which may be offered and received, all in conformity with this opinion.
 
 
 8
 Reversed and remanded.